JOHN O. SYLVESTER *vs.* JOSHUA C. MAYO & another.
SAME *vs.* SAME.

The court of common pleas is not bound to entertain and consider a motion for a new trial, for a misdirection of the jury in matter of law; and such motion ought not to be considered, unless upon the understanding, that the parties are to abide the result.

Where the party, against whom a verdict is rendered in the court of common pleas, moves the court for a new trial, on the ground of a misdirection of the jury in matter of law, and the motion is considered and overruled, the right to allege exceptions to the supposed misdirection is thereby waived.

THIS was a petition, filed at the November term, 1846, for a writ of mandamus, to be issued to the chief justice of the court of common pleas, requiring him to allow and sign bills of exceptions, in the cases above entitled, under the following circumstances.

The plaintiff brought actions of debt, against the defendants, in the court of common pleas, to recover penalties for selling adulterated oil, in violation of the provisions of the Rev. Sts. *c.* 28, §§ 169 to 173. The defendants pleaded the general issue, which was joined, and, by order of the court, the two cases were tried together and submitted to the same jury. On the trial, which took place before *Wells*, C. J., it was proved, that the defendants were partners in trade; but it was contended, on their behalf, that the evidence in each action was insufficient to charge more than one of them; and their counsel, in his opening, stated it as a rule of law, that, unless the evidence was sufficient to prove the liability of both defendants, no action could be maintained against either This position was not controverted by the counsel

for the plaintiff, and was adopted by the judge in his charge to the jury, as a correct statement of the rule of law. The jury returned verdicts for the defendants in both actions.

The plaintiff then moved the court for a new trial, on the ground, that the rule of law as above stated was incorrect; and, consequently, that the instructions to the jury were erroneous. This motion was argued by counsel, on both sides, and was overruled by the court. The plaintiff, thereupon, filed exceptions to the instructions; but the judge, before whom the proceedings took place, being of opinion, that, under the circumstances stated, it was not competent for the plaintiff to allege exceptions, refused to allow the same. The trial, the hearing of the motion for a new trial, and the filing of the exceptions, were all at the same term of the court.

The defendants filed an answer in writing to the plaintiff's petition, in which they objected to the granting of the prayer thereof, on the several grounds taken by their counsel in argument.

The case was argued in writing, at a former term, by *W. Hilliard*, for the petitioner, and by *W. Brigham*, for the respondents.

On the part of the respondents, it was contended:

1. That, inasmuch as the rule of law, stated by the defendants' counsel, and laid down by the court, was not objected to but sanctioned by the plaintiff, the latter was not aggrieved thereby; and, further, that by not making his objection at the time, the plaintiff had lost his right to except. *Jones* v. *The Ins. Co. of N. A.*, 1 Bin. 38; *Leach* v. *Woods*, 14 Pick. 461.

2. That, by filing a motion for a new trial, the plaintiff had thereby submitted the whole matter, finally and exclusively, to the discretion of the court of common pleas, and could not afterwards revise the decision thereon, by means of a bill of exceptions. *Chase* v. *Blackstone Canal Co.*, 10 Pick. 244; *Gray* v. *Bridge*, 11 Pick. 189; *Morse, Pet'r*, 18 Pick. 443.

3. That the instruction complained of was correct. *Hill* v

*Davis*, 4 Mass. 137 ; *Boutelle* v. *Nourse*, 4 Mass. 431 ; *Burn-ham* v. *Webster*, 5 Mass. 266, 270.

. 4. That, by the Rev. Sts. *c.* 82, §§ 12 and 14, exceptions must be taken in the court of common pleas, and allowed, at the term when the trial takes place, and must be entered at the next following term of this court; and, inasmuch as the term of this court, next following the proceedings in the common pleas, had long since passed, the writ prayed for, if now granted, would be wholly unavailing.

It was argued for the petitioner :

1. That there was nothing in the circumstances of the case to justify the court below in refusing to allow the exceptions. It is the duty of the court to instruct the jury correctly, upon every material point of law arising on the trial; and excep-tions may be taken to incorrect instructions, even though counsel, believing, at the time, that the instructions are proper, make no objection to them. Exceptions may be alleged, for the first time, after the verdict is returned. *Buckland* v. *Charlemont*, 3 Pick. 173. It is no objection to the right to except, that the ground of exception has previously been made the ground of a motion for a new trial, which has been overruled; the party excepting is none the less "ag-grieved by the opinion, direction, or judgment of the court of common pleas," within the meaning of the statute. There is no discretion in the court below to allow or disallow a bill of exceptions; the statute being express, that if "found con-formable to the truth," the exceptions shall be allowed and signed. Rev. Sts. *c.* 82, § 12.

2. The instruction objected to was erroneous. *Wortley* v. *Herpingham*, Cro. Eliz. 766 ; *Coppin* v. *Carter*, 1 T. R. 462 ; *Bastard* v. *Hancock*, Carth. 361 ; *Hardyman* v. *Whitaker*, 2 East, 573, note ; *Powers* v. *Spear*, 3 N. H. 35. The cases of *Hill* v. *Davis*, and *Burnham* v. *Webster*, cited for the de-fendants, are distinguishable from the present.

3. The court has authority to ·ssue a writ of mandamus, in this case. Rev. Sts. *c.* 81, § 5. And it is the appropriate remedy. *Crane, Ex parte*, 5 Peters, 190 ; *People* v. *Judges of Washington County*, 1 Caines, 511.

4. The suggestion, that judgments have already been entered in the actions referred to, is not true ; if it were, the fact would be immaterial, inasmuch as if the exceptions had been allowed, judgment would notwithstanding be rendered, though no execution could be issued thereon. Rev. Sts. *c.* 82, § 13.

SHAW, C. J. In the present case, the court are called upon, by petition, to issue a writ of mandamus to the chief justice of the court of common pleas, to require him to allow bills of exceptions, in the two cases above named. The petition calls for the exercise of one of the highest judicial powers known to the law, and of a grave and delicate character. It is a salutary power, the application for which is addressed to the sound judicial discretion of the court, and is to be exercised to prevent the failure of justice, when other remedies have failed, or prove inadequate.

The facts, upon which this application is founded, as we understand them, are briefly these. When the actions were tried in the court of common pleas, a rule of law was stated by the counsel for the defendants, as applicable to the cases, and was not controverted by the plaintiff's counsel, and was adopted and stated by the judge, as a rule of law, in his charge to the jury. Afterwards, and after verdicts were returned for the defendants, the plaintiff moved the same court for a new trial, for a misdirection in matter of law ; that court having power to grant a new trial. This motion was argued at the same term and was overruled by the court. Afterwards, but at the same term, the plaintiff presented his bill of exceptions to the instructions of the court, at the trial, with a view to raise the same questions of law, which were considered in the motion for a new trial. The learned judge declined to allow the exceptions.

Whatever may be the power of this court to issue a writ of mandamus to the judge of another court, we are clearly of opinion, that it ought not to be exercised in a case like this.

Whilst the law sedulously provides for securing and guarding every right of suitors, it requires that such rights shall be

claimed and asserted in due time and in proper order, with a view to prevent delay, surprise, and undue advantage. A party may insist on any irregularity in the process, or on the disability of his adversary. But, by failing to put in a plea in abatement, and pleading to the merits, he waives this privilege, and shall not afterwards insist on such defect. Even where an express requisition of the constitution had not been complied with, inasmuch as it went only to the form of the writ, the defendant was not allowed to defeat the suit, after a plea and trial on the merits. *Ripley* v. *Warren*, 2 Pick. 592. This rule is sometimes made by positive law, as in case of a plea in abatement regulated by statute; but the same principle is adopted, as fit to govern the discretion of the court, upon general principles of justice, where there is no positive law, as in case of a motion to dismiss a suit for irregularity or defect of form. *Simonds* v. *Parker*, 1 Met. 508. So, where a party knows of an exception to an arbitrator; he shall not wait and take his chance for a favorable opinion, and then except to the arbitrator, if the judgment be against him. Such a proceeding is inconsistent with good faith and fair dealing. *Fox* v. *Hazleton*, 10 Pick. 275. So of an exception to a juror, and for the same reason. *Davis* v. *Allen*, 11 Pick. 466.

When the old law of review was in force, by which a losing party might have a review, as a matter of right, the court uniformly declined entertaining a motion for a new trial, on questions of law, unless the party making it would waive his right to a review. This was founded upon the plain principles of right and justice. So with a motion to the court of common pleas, to reconsider its opinion in matters of law, with a view to grant a new trial in that court if erroneous, and if otherwise to confirm the verdict. It is a motion, which, as we understand, that court is not bound to consider; and we think it ought not to be considered, unless it is understood, that the parties intend to abide the result. It would be inconsistent with the duty which the court owe themselves, and unjust to the adverse party, to entertain a motion, and enter into a

discussion of principles of law, involving delay, labor, and expense, leaving it to the option of the party moving, to profit by the opinion, if in his favor, and to repudiate it, if against him.

We think that these principles are applicable to tne present case. The plaintiff acquiesced in the rule of law, laid down by the judge at the trial, as stated by both parties, and asked for no different direction, whilst it would have been available by influencing the verdict, and took no exception until the verdict was rendered against him. Without pausing to consider whether he could demand the allowance of a bill of exceptions, and supposing he could, if, instead of doing this, he requested the court to do what they were not bound to do, that is, to reconsider the law in that court, with a view to a new trial, if it had been wrongly stated at the trial, and the court consented to hear such request, it must have been upon a tacit if not an express consent, that the decision should be final, and consequently amounted to a waiver by the plaintiff of his right to take exceptions, if the decision should be against him

*Petition dismissed.*